UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSE O. MARTINEZ,

    Petitioner,

v.                                        Case Number 07-10072-BC
                                             Honorable Thomas L. Ludington

C. EICHENLAUB,

    Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Jose O. Martinez, presently confined at a correctional facility in California City, California, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner was convicted of possession with intent to distribute methamphetamine in the United States District Court for the District of Nebraska and sentenced to a term of imprisonment of 168 months. In his pleadings, he seeks a hearing on a detainer that was lodged against him and an injunction prohibiting his transfer to another correctional facility. The respondent has filed an answer asserting that some of the petitioner's claims are moot and the Court lacks jurisdiction to consider the remaining claims. The Court agrees that the petitioner is not entitled to relief and therefore will dismiss the petition.

I.

On March 5, 1998, the petitioner was found guilty of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A). On August 4, 1998, United States District Judge Richard G. Kopf sentenced the petitioner to a prison term of 168 months

to be followed by five years of supervised release. Thereafter, he appealed his conviction, which the Eighth Circuit subsequently affirmed. *See United States v. Martinez*, 168 F.3d 1043 (8th Cir. 1999).

On August 28, 1998, the petitioner arrived at the Federal Correctional Institution in Milan, Michigan (FCI-Milan) to serve his sentence. While confined there, the Immigration and Naturalization Service (INS), now known as the Bureau of Immigration and Customs Enforcement, lodged a detainer against him. The detainer stated that an investigation had been initiated to determine whether the petitioner, a Mexican citizen, was subject to removal from the United States. The detainer asked officials at FCI-Milan to hold the petitioner in custody and to notify INS if the petitioner was released or transferred.

The instant petition was filed on January 3, 2007, while the petitioner was still confined at FCI-Milan. He was subsequently transferred to his present location in California. An inmate systems manager notified the INS of the transfer to the California City Correctional Center.

II.

A.

The petitioner's first, second, and fourth claims for relief relate to the INS detainer, which was lodged against him at FCI-Milan on February 22, 2001. At the time he sought habeas relief in this Court, the petitioner expected to be transferred to a prison in California. He opposed that transfer because his family lives in Indiana and would be unable to travel to California. In his application for habeas relief, the petitioner also opposes deportation on the grounds that he has lived in the United States for about eighteen years and has a wife and five American children. The petitioner insists that he has a right to a hearing in a United States District Court prior to

deportation. He seeks appointment of counsel to assist him at the hearing and an injunction against an institutional transfer. The respondent urges that the petitioner's challenge to a transfer is moot because he was in fact transferred from FCI-Milan to the California facility last March.

Generally, "a case is moot when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). In *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001), the Eleventh Circuit explained:

> [i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. *See, e.g., Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam). Indeed, dismissal is required because mootness is jurisdictional. *See Florida Ass'n of Rehab. Facilities* [*v. Florida Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1227 n.14 (11th Cir. 2000)] (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("The question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction.")). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id.* at 1217 (citing *Hall*, 396 U.S. at 48).

Consequently, mootness deprives a Court of its power to act because there is nothing for the Court to remedy, even if it were so inclined. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

The doctrine of mootness is not without exception, albeit under limited circumstances:

> Although there is an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated *and* evading review, this exception is "narrow," *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1256 (11th Cir. 2001), and applies only in "exceptional situations." *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). In particular, the exception can be invoked only when "(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *Sierra Club v. Martin*, 110 F.3d 1551, 1554 (11th Cir. 1997) (emphasis added). The remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time.

*Al Najjar*, 273 F.3d at 1336.

In this case, the Court cannot offer the petitioner any meaningful relief. He has been transferred to a California prison, and therefore his claims challenging that transfer are moot. More importantly, these claims are of dubious merit. The Federal Bureau of Prisons is authorized to designate a federal inmate's place of imprisonment. 18 U.S.C. § 3621(b) (providing that "[t]he Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability" and it may at any time "direct the transfer of a prisoner from one penal or correctional facility to another"). As the Sixth Circuit has explained, prisoners have "no inherent constitutional right to placement in any particular prison or in any particular section within the prison system." *Williams v. Bass,* 63 F.3d 483, 485 (6th Cir. 1995).

Nor can the Court offer the relief the petitioner seeks in his challenge to the INS detainer. The petitioner is still serving his sentence and is not eligible for release until April 11, 2010. As a result, the Court is without jurisdiction because he is not "in custody" for purposes of challenging removal from the United States. *Garcia-Echaverria v. United States*, 376 F.3d 507, 510-11 (6th Cir. 2004) (reasoning that "[w]hile an alien may file a § 2241 petition challenging his removal proceedings, an alien is not 'in custody' for removal purposes if he is detained pursuant to a sentence for a criminal conviction, even if the INS has filed a detainer order with the prison where the petitioner is incarcerated").

B.

The petitioner's third claim challenges the judgment of sentence in his criminal case. He alleges that the trial court lacked jurisdiction and, therefore, the judgment of sentence is void. The petitioner contends that the INS detainer also is void because it is based on an illegal judgment of sentence.

The primary remedy for a federal prisoner who is protesting the legality of his sentence is to file a motion to vacate sentence under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A prisoner may challenge the validity of his federal conviction or sentence by other means only if "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5.

The petitioner has appealed his conviction, filed a motion to vacate his sentence under 28 U.S.C. § 2255, and filed two additional motions to reduce or modify his sentence. However, the remedy under § 2255 is not deemed "inadequate or ineffective" simply because (1) a previous motion under § 2255 was denied, (2) the petitioner is procedurally barred from pursuing relief under § 2255, (3) the petitioner has been denied permission to file a second or successive motion under § 2255, or (4) the one-year statute of limitations has expired. *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999); *see also Peterman*, 249 F.3d at 461 (stating that the unavailability of § 2255 relief alone does not establish inadequacy or ineffectiveness under the savings clause of § 2255). The Court therefore concludes that the petitioner's collateral challenge to his federal sentence is not cognizable under section 2241.

### III.

The Court determines that the petitioner's challenge to his institutional transfer is moot and the Court lacks jurisdiction to grant relief with respect to his challenge to the INS detainer. Finally, section 2241 relief is unavailable to the petitioner as a means of collaterally attacking his federal sentence.

Accordingly, it is **ORDERED** that the application for a writ of habeas corpus [dkt #1] is **DISMISSED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.** Reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: July 11, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 11, 2007.

s/Tracy A. Jacobs  
TRACY A. JACOBS